### THE UNION STOVE & MACHINE WORKS V. HENRY BREIDENSTEIN *et al.*

REPLEVIN — *Action upon Redelivery Bond — Complete Defense — Case for Jury.* Where the defense to an action upon a redelivery bond given in a replevin action is, that although a portion of a stock of hardware returned by the sheriff under the redelivery bond had been sold, that other goods of a like character and value had been substituted for those sold, and that the stock so replenished had been turned over to and accepted by the plaintiff as the equivalent of the goods described in the bond, and as full satisfaction of the judgment in the replevin action, such defense, if sustained by the testimony, is complete. But where there is evidence fairly tending to show that the stock was turned over at an agreed valuation, which was less than the value of the goods replevied, and that it was accepted only as a credit on and a partial satisfaction of the defendant's liability under the bond, the court is not warranted in taking the case from the jury by directing a verdict in favor of the defendant.

### *Error from Pratt District Court.*

ACTION brought upon a redelivery bond in replevin. Judgment for defendants, *Breidenstein* and two others, at the May term, 1889. The plaintiff company brings the case to this court. The opinion states the facts.

*R. F. McGrew,* for plaintiff in error:

The court erred in compelling appellant to prove its corporate existence, for the reason that the defendants were estopped from denying the corporate existence of the plaintiff after giving bond; and erred in using the following language to plaintiff's attorney, upon cross-examination of witness J. E. Reims: "That is n't fair to the witness. It is n't material to the jury whether it is Echo or Charter Oak." It is very material that the same stoves mentioned in the bond of redelivery should be returned. Plaintiff is entitled to the same, and it is no defense that property of the same value was returned. The court erred in withdrawing the case from the jury, and directing a verdict for defendants in error and against plaintiff in error. It is well settled, that to defeat an action on the

bond it must be shown that the identical goods mentioned in the bond must be returned; otherwise plaintiff is entitled to a judgment on the bond.

The court erred in overruling the plaintiff's motion for a new trial.

*G. W. Crow,* for defendants in error:

As to the first error, the plaintiff introduced evidence to prove its corporate existence, over the objection of the defendants. We will leave this error, as there is none.

As to the second error, as to the language used by the court to the witness Reims: There was no such witness in the case, and it was no error, for the reason that the plea was a full compliance with the obligations of the bond. As the plaintiff had accepted the goods in full satisfaction of the bond, it was not for the jury to decide what kind of goods were accepted by plaintiff's agent, witness, and attorney, McGrew.

As to the third ground of error alleged, the defendants claim it no error for the trial court to withdraw a case from the jury when the plaintiff has wholly failed to make out a case, and, by the evidence of McGrew, the court was justified in instructing the jury to find a verdict for defendants; for it was fully shown that Fisher, the principal in the bond, turned over to the plaintiff the stock of goods.

As to the error complained of as to the taxing of costs, it is a plain proposition of law that the party losing the action must pay the costs. A new trial would simply cause the defendants to expend greater sums of money in their defense, and the same result would follow in the end.

The opinion of the court was delivered by

JOHNSTON, J.: An action of replevin was begun by the Union Stove & Machine Works against Henry Fisher, to recover a stock of hardware, by which the plaintiff gained possession of goods valued at $1,500. A redelivery bond in the amount of $3,000 was executed by Henry Bridenstein, M. H. Jenkenson, and J. E. Kein, and thereupon the sheriff returned

the property to the defendant Fisher. That action proceeded to judgment, by which it was determined that the Union Stove & Machine Works was entitled to the possession of the stock of hardware, and, if a return thereof could not be had, to the value of the same, which was found to be $975. Subsequently this action was brought upon the redelivery bond, alleging that Fisher failed to return the goods, or any part of the same, but that he had paid upon the judgment $381.30, and that there was still due and unpaid the sum of $593.70, for which judgment was asked. The defendant answered that the judgment had been fully satisfied, and that, after the judgment in the replevin action, Fisher had turned over a stock of goods, which had been accepted by the plaintiff as a full settlement of its claim against Fisher and the defendants in this action. A trial was had with a jury, and testimony was offered in behalf of both the plaintiff and the defendants. When the testimony was submitted, the court took the case from the jury, and directed a verdict in favor of the defendants. This ruling and action is the principal cause of complaint here.

It appears that, after the stock of goods was returned by the sheriff to Fisher, he continued in the retail business, and sold many of the goods which were returned to him and were mentioned in the redelivery bond. Other goods were purchased by him, and he contends that when the judgment in the replevin action was entered the stock on hand was as valuable as the stock that was returned to him by the sheriff. After judgment was given in the replevin action and an order or execution was placed in the hands of the sheriff, the stock which Fisher had on hand was turned over to the plaintiff in the presence of the sureties on the bond, and there was indorsed on the writ held by the sheriff a credit of $381.30. The defendants contended, and offered proof to show, that the stock of goods had been kept up and was of the same value at the time of delivery as when returned by the sheriff; and further, that the plaintiff accepted the same

as the full equivalent in value of those mentioned in the bond, and discharged them from liability.

If there had been no contrary proof, no liability upon the redelivery bond would have been shown, and the ruling of the court in taking the case from the jury and directing a verdict for the defendants could have been sustained.   The sureties had bound themselves that they would deliver the specific property named in the bond to the plaintiff if such delivery was adjudged, and that they would pay all costs and damages that might be awarded against the defendant.   A return of the specified property to the plaintiff was adjudged, and to satisfy the conditions of the bond they were required to return the identical property named in the bond.   However, if the plaintiff accepted the stock of goods which Fisher had on hand when the judgment was rendered as the equivalent of those returned, and as a full satisfaction of its claim against him, the sureties would be released from liability.

The difficulty, however, in sustaining the ruling of the court is, that testimony was offered by plaintiff tending to show that the goods turned over to plaintiff were accepted only as a partial satisfaction and payment of the judgment. There is proof to the effect that Fisher and the bondsmen agreed that the goods on hand were only of the value of $400, and that that amount was to be credited on the amount of $975.   All of the parties in interest appear to have been present when the goods were turned over.   Fisher signed an agreement in which it was stipulated that the goods were of the value of $400, and that that amount was to be credited on the judgment against him.   At the same time the sureties made a written agreement stipulating that the stock of goods on hand at the time was of the value of $400, and that, if an arrangement was made by which the goods were sold or turned over to the plaintiff, they should be regarded as of the value of $400, and that the making of the arrangement would not in any way release them from liability upon the bond. This latter stipulation was offered in evidence, but was ex-

cluded by the court. No reason is seen why it was not admissible in behalf of the plaintiff to show the purposes of the parties and the conditions under which the goods were turned over to the plaintiff. The testimony offered by plaintiff clearly tends to establish a liability on the part of the defendants to the extent of the difference between the value of the goods turned over to the plaintiff and the ascertained value of those which they agreed should be redelivered in the event of an adverse judgment. It may be that the great preponderance of the evidence was in favor of the claim of the defendants; but as there was evidence to establish the plaintiff's claim, the case should have gone to the jury, as they are the exclusive judges of the weight of the testimony. (*Sullivan v. Insurance Co.*, 34 Kas. 170.)

The judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.